## IN THE UNITED STATES DISTRICT COURT FOR

## THE EASTERN DISTRICT OF MICHIGAN

## SOUTHERN DIVISION

BRANDON AND MINDY COFFEY,                Case No. 2:09-cv-14921

     Plaintiffs,                                Hon. Julian Abele Cook, Jr.

                                Magistrate:  Virginia M. Morgan

VIKING COLLECTION SERVICE, INC.

     Defendant.

| LAW OFFICES OF BRIAN P. PARKER, PC | DOBBS & NEIDLE, P.C. |
|---|---|
| Brian P. Parker, Esq. (P 48617) | Gregory R. Neidle (P59273) |
| Attorney for Plaintiffs | Daniel J. Ammon (P50923) |
| 30700 Telegraph Road | Attorneys for Defendant |
| Suite 1580 | 30150 Telegraph Road |
| Bingham Farms, MI 48025 | Suite 410 |
| Phone: (248) 642-6268 | Bingham Farms, MI 48025 |
| Fax: (248) 642-8875 | Phone: (248) 723-9511 |
| | Fax: (248) 723-9531 |

### ANSWER TO COMPLAINT AND DEMAND FOR JURY

     NOW COMES Defendant, VIKING COLLECTION SERVICE, INC., by its attorneys, Dobbs & Neidle, P.C., and for its Answer to Plaintiffs' Complaint and Demand for Jury ("Complaint") states as follows:

### I.      PRELIMINARY STATEMENT

     The plaintiff brings this action for damages based upon the Defendant's violations of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 *et seq*, and seeks actual damages, punitive damages, costs and attorney's fees.

     <u>Answer</u>:  **This paragraph raises no factual allegations against this Defendant, but contains self-serving conclusions of law and fact, and therefore does not require an answer.  However, to the extent Plaintiffs are seen as raising factual allegations**

1

**against this Defendant, said allegations are denied for the reason that they are untrue and contrary to both law and fact.**

**II.      PARTIES**

1.   The plaintiff is a natural person and consumer, a resident of Vassar, Tuscola County, Michigan, and a "consumer" as defined by 15 U.S.C. § 1692a(3).

**<u>Answer</u>:  Defendant neither admits nor denies the allegations contained therein as Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations.**

2.   The defendant is a Foreign Profit Corporation with its registered agent located in Bingham Farms, Oakland County, Michigan.

**<u>Answer</u>:  Defendant admits.**

3.   The defendant is engaged in the collection of debts from consumers using the mail and telephone. The defendants regularly attempt to collect consumer debts alleged to be due another and is a "debt collector" as provided in 15 U.S.C.  § 1692a(6).

**<u>Answer</u>:  The allegations state legal conclusions for which no response is required. As to any remaining or inconsistent allegations, Defendant denies the allegations for the reason that they are untrue.**

**III.      JURISDICTION AND VENUE**

4.   This court has subject matter jurisdiction over this Complaint pursuant to FDCPA, 15 U.S.C. § 1692 *et seq.*  The venue is proper in any court of competent jurisdiction under 15 § U.S.C. 1692k(d).   The court may also exercise supplemental jurisdiction over the related state law claims arising out of the same nucleus of operative facts that give rise to any federal law claims under 28 U.S.C. § 1367.

**<u>Answer</u>:  The allegations state legal conclusions for which no response is required. As to any remaining or inconsistent allegations, Defendant denies the allegations**

LAW OFFICES
**DOBBS & NEIDLE, P.C.**
30150 TELEGRAPH ROAD, STE. 410 • BINGHAM FARMS, MICHIGAN 48025 • 248-723-9520

**for the reason that they are untrue.  However, Defendant does not contest subject matter jurisdiction of the U.S. District Court for the Eastern District of Michigan or venue therein.**

### IV.    STATUTORY STRUCTURE
### FAIR DEBT COLLECTIONS PRACTICES ACT (FDCPA)

5.  The FDCPA was passed to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuse.  15 U.S.C. § 1692.

**Answer**:  **The allegations state legal conclusions for which no response is required. As to any remaining or inconsistent allegations, Defendant denies the allegations for the reason that they are untrue.**

6.  Under the FDCPA, a "consumer" is any natural person obligated or allegedly obligated to pay any debt.  15 U.S.C. § 1692a(3).

**Answer**:  **The allegations state legal conclusions for which no response is required. As to any remaining or inconsistent allegations, Defendant denies the allegations for the reason that they are untrue.**

7.  Under the FDCPA, "debt" means any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes.  15 U.S.C. § 1692a(5).

**Answer**:  **The allegations state legal conclusions for which no response is required. As to any remaining or inconsistent allegations, Defendant denies the allegations for the reason that they are untrue.**

8.   Under the FDCPA, a "debt collector" is any person who uses any instrumentality of

LAW OFFICES
**DOBBS & NEIDLE, P.C.**
30150 TELEGRAPH ROAD  STE. 410  •  BINGHAM FARMS, MICHIGAN 48025  •  248-723-9520

3

interstate commerce or the mails in any business the principal purpose for which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another. 15 U.S.C. § 1692a(6).

**Answer**:  **The allegations state legal conclusions for which no response is required. As to any remaining or inconsistent allegations, Defendant denies the allegations for the reason that they are untrue.**

9.     A debt collector may not use any false, deceptive, or misleading representations or means in connection with the collection of any debt. 15 U.S.C. § 1692e.

**Answer**:  **The allegations state legal conclusions for which no response is required. As to any remaining or inconsistent allegations, Defendant denies the allegations for the reason that they are untrue.**

10.    A debt collector may not violate the FDCPA, 15 U.S.C. § 1692f by using unfair or unconscionable means to collect or attempt to collect any debt.

**Answer**:  **The allegations state legal conclusions for which no response is required. As to any remaining or inconsistent allegations, Defendant denies the allegations for the reason that they are untrue.**

11.    Any debt collector who fails to comply with the provisions of the FDCPA is liable for any actual damages sustained, statutory damages up to $1,000.00, attorneys' fees as determined by the Court and costs of this action. 15 U.S.C. § 1692k.

**Answer**:  **The allegations state legal conclusions for which no response is required. As to any remaining or inconsistent allegations, Defendant denies the allegations for the reason that they are untrue.**

12.    The Michigan Collection Practices Act (MCPA), MCLA 445.251 *et seq.* is an act to

LAW OFFICES
**DOBBS & NEIDLE, P.C.**
30150 TELEGRAPH ROAD, STE. 410 • BINGHAM FARMS, MICHIGAN 48025 • 248-723-9520

regulate the collection practices of certain persons; to provide for the powers and duties of certain state agencies; and to provide penalties and civil fines.

**Answer**:  **The allegations state legal conclusions for which no response is required. As to any remaining or inconsistent allegations, Defendant denies the allegations for the reason that they are untrue.**

13.    A "Collection agency" means a person directly or indirectly engaged in soliciting a claim for collection or collecting or attempting to collect a claim owed or due or asserted to be owed or due another, or repossessing or attempting to repossess a thing of value owed or due or asserted to be owed or due another person, arising out of an expressed or implied agreement.  MCLA 445.251 (1)(b).

**Answer**:  **The allegations state legal conclusions for which no response is required. As to any remaining or inconsistent allegations, Defendant denies the allegations for the reason that they are untrue.**

14.    A "Consumer" or "debtor" means a natural person obligated or allegedly obligated to pay a debt.  MCLA 445.251(1)(d).

**Answer**:  **The allegations state legal conclusions for which no response is required. As to any remaining or inconsistent allegations, Defendant denies the allegations for the reason that they are untrue.**

15.    Prohibited acts by debt collectors or collection agencies under MCLA 445.252 include:

(a) Communicating with a debtor in a misleading or deceptive manner, such as using the stationery of an attorney or credit bureau unless the regulated person is an attorney or is a credit bureau and it is disclosed that it is the collection department of the credit bureau.

(b) Using forms or instruments which simulate the appearance of judicial process.

LAW OFFICES
**DOBBS & NEIDLE, P.C.**
30150 TELEGRAPH ROAD  STE. 410  •  BINGHAM FARMS, MICHIGAN 48025  •  248-723-9520

5

(d) Using forms that may otherwise induce the belief that they have judicial or official sanction.

(e) Making an inaccurate, misleading, untrue, or deceptive statement or claim in a communication to collect a debt.

(f) Misrepresenting in a communication with a debtor 1 or more of the following:

(i) The legal status of a legal action being taken or threatened.

(ii) The legal rights of the creditor or debtor.

(iii) That the nonpayment of a debt will result in the debtor's arrest or imprisonment, or the seizure, garnishment, attachment or sale of the debtor's property.

(i) Communicating information relating to a debtor's indebtedness to an employer or an employer's agent unless the communication is specifically authorized in writing by the debtor subsequent to the forwarding of the claim for collection, the communication is in response to an inquiry initiated by the debtor's employer or the employer's agent, or the communication is for the purpose of acquiring location information about the debtor.

(q) Failing to implement a procedure designed to prevent a violation by an employee.

(s) Employing a person required to be licensed under article 9 of Act No. 299 of the Public Acts of 1980, being sections 339.901 to 339.916 of the Michigan Compiled Laws, to collect a claim unless that person is licensed under article 9 of Act No. 299 of the Public Acts of 1980.

(n) Using a harassing, oppressive, or abusive method to collect a debt.

**Answer**: **The allegations, and each of its subparts (a) through (s) and (n), state legal conclusions for which no response is required.  As to any remaining or inconsistent allegations, Defendant denies the allegations for the reason that they are untrue.**

16.     Under the Michigan Collection Practices Act, MCL 445.257 *et seq.*(1) a person who suffers injury, loss, or damage, or from whom money was collected by the use of a method, act, or practice in violation of this act may bring an action for damages or other equitable relief. (2) In an action brought pursuant to subsection (1), if the court finds for the petitioner, recovery shall be in the amount of actual damages or $50.00, whichever is greater.  If the court finds that the method, act, or practice was a willful violation, the court may assess a civil fine of not less than 3 times the actual damages, or $150.00, whichever is greater, and shall award reasonable attorney's fees and court costs incurred in connection with the action.

**Answer**:  **The allegations state legal conclusions for which no response is required. As to any remaining or inconsistent allegations, Defendant denies the allegations for the reason that they are untrue.**

## V.     FACTUAL ALLEGATIONS

17.     Plaintiff is receiving numerous calls from Defendant in regards to the collection of an alleged debt.

**Answer**:  **Defendant denies the allegations for the reason that they are untrue.**

18.     This alleged debt derives out of a Yamaha debt under Plaintiff, Brandon Coffey's, name.  Defendant is alleging that Plaintiff owes about $16,000.00 on the alleged debt.

**Answer**:  **These allegations are neither admitted nor denied as Defendant is without knowledge or information sufficient to form a belief as to its truth, leaving Plaintiffs to their strictest proofs.**

19.     Plaintiff receives numerous phone calls from Defendant.  The phone number in which Defendant calls Plaintiff from are: 800-559-2865; 800-235-9218, and 800-266-9692. Plaintiff receives many harassing phone calls from a "Richard Todd."

LAW OFFICES
**DOBBS & NEIDLE, P.C.**
30150 TELEGRAPH ROAD  STE. 410 • BINGHAM FARMS, MICHIGAN 48025 • 248-723-9520

**Answer**:  **Defendant denies that Plaintiffs receive any harassing phone calls.  As to the remaining allegations in this paragraph, Defendant neither admits nor denies as Defendant is without knowledge or information sufficient to form a belief as to its truth, leaving Plaintiffs to their strictest proofs.**

20.     Plaintiff is receiving phone calls from Defendant everyday, at least two times a day, even after Plaintiff repeatedly asked Defendant to stop calling her.

**Answer**:  **Defendant denies the allegations for the reason that they are untrue.**

21.     Defendant has called Plaintiff as late as 10:00 p.m., in violation of the FDCPA. Please see attached Exhibit No. 1.

**Answer**:  **Defendant denies the allegations for the reason that they are untrue.**

22.     Defendant is repeatedly calling Plaintiff, Brandon Coffey, on his cellular phone while he is working.

**Answer**:  **Defendant denies the allegations for the reason that they are untrue.**

23.     Defendant, through its representatives, "Ann," and "Richard Todd" has been extremely rude and abusive in conversations with Plaintiff, Brandon Coffey.

**Answer**:  **Defendant denies the allegations for the reason that they are untrue.**

24.     "Ann" told Plaintiff, Brandon Coffey, that he was a loser and stated that he is "the kind of loser that always buys stuff and never pays it off."  Please see attached Exhibit No. 1.

**Answer**:  **These allegations are neither admitted nor denied as Defendant is without knowledge or information sufficient to form a belief as to its truth, leaving Plaintiffs to their strictest proofs.**

25.     Defendant, through its representative, "Richard Todd," told Plaintiff, Brandon Coffey, that he needs to think of his family and kids and told him to stop being selfish. Please see attached Exhibit No. 1.

LAW OFFICES
**DOBBS & NEIDLE, P.C.**
30150 TELEGRAPH ROAD STE. 410 • BINGHAM FARMS, MICHIGAN 48025 • 248-723-9520

**Answer**:  **These allegations are neither admitted nor denied as Defendant is without knowledge or information sufficient to form a belief as to its truth, leaving Plaintiffs to their strictest proofs.**

26.     "Richard Todd" also told Plaintiff, Brandon Coffey, that he is immature and needs to be responsible.  He told Plaintiff, Brandon Coffey, that he knows that he lost his income, and asked what he has to be proud of.

**Answer**:  **These allegations are neither admitted nor denied as Defendant is without knowledge or information sufficient to form a belief as to its truth, leaving Plaintiffs to their strictest proofs.**

27.     "Richard Todd" asked Plaintiff, Brandon Coffey, how he can afford his cell phone bill when he is broke.  Please see attached Exhibit No. 1.

**Answer**:  **These allegations are neither admitted nor denied as Defendant is without knowledge or information sufficient to form a belief as to its truth, leaving Plaintiffs to their strictest proofs.**

28.     Defendant has failed to state in every conversation with Plaintiff that they are a debt collector attempting to collect a debt, as required by the FDCPA.

**Answer**:  **Defendant denies the allegations for the reason that they are untrue.**

29.     Defendant has also failed to state their company name in many conversations with Plaintiff, in violation of the FDCPA.

**Answer**:  **Defendant denies the allegations for the reason that they are untrue.**

30.     Defendant has placed "unknown" phone calls to Plaintiff, as it appears on Plaintiff's caller id.  Please see attached Exhibit No. 1.

**Answer**:  **Defendant denies the allegations for the reason that they are untrue.**

31.     Defendant has called Plaintiff's, Brandon Coffey's, mother at least three times and even told her that Plaintiff owes this alleged debt.  Please see attached Exhibit No. 1.

LAW OFFICES
**DOBBS & NEIDLE, P.C.**
30150 TELEGRAPH ROAD  STE. 410  •  BINGHAM FARMS, MICHIGAN 48025  •  248-723-9520

9

Case 2:09-cv-14921-JAC-VMM   ECF No. 2, PageID.35   Filed 12/22/09   Page 10 of 19


**Answer**:  **Defendant denies the allegations for the reason that they are untrue.**

32.     Plaintiff's, Brandon Coffey's, mother asked Defendant to stop calling her and they have continued to call her in regards to Plaintiff's alleged debt.

**Answer**:  **Defendant denies the allegations for the reason that they are untrue.**

33.     As a result of Defendant's wrongful conduct, Plaintiff has suffered statutory, actual, emotional and financial damages and also seeks his attorney fees and costs under the FDCPA and MCPA.

**Answer**:  **Defendant denies the allegations for the reason that they are untrue.**

34.     Plaintiff seeks judgment against the Defendant in whatever amount that Plaintiff is entitled less than $25,000, consequential damages and the costs and expenses of this action.

**Answer**:  **The allegations state Plaintiffs' request for relief and not averments of fact for which no response is required.  Insofar as an answer is required, Defendant denies the allegations for the reason that they are untrue.**

## VI.     CAUSES OF ACTION
## CLAIM AGAINST DEFENDANT UNDER THE FDCPA

35.     The Defendant has violated the FDCPA, 15 U.S.C. § 1692e (10) by the use of false representations and deceptive means in pursuing Plaintiff for a debt. Please see Paragraphs 24, 25, 28, 29 and 30.

**Answer**:  **Defendant denies the allegations for the reason that they are untrue.**

36.     Defendant has violated the FDCPA, 15 U.S.C. § 1692d by engaging in any conduct the natural consequence of which is to harass, oppress or abuse any person in connection with the collection of a debt. Please see Paragraphs 17, 19, 20, 21, 22, 23, 24, 25, 26, 27, 30, 31, and 32.

**Answer**:  **Defendant denies the allegations for the reason that they are untrue.**

37.     Defendant has violated the FDCPA, 15 U.S.C. 1692d(5) by causing a telephone to

LAW OFFICES
**DOBBS & NEIDLE, P.C.**
30150 TELEGRAPH ROAD  STE. 410  •  BINGHAM FARMS , MICHIGAN 48025  •  248-723-9520

ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse or harass any person at the called number. Please see Paragraphs 17, 19, 20, and 22.

**Answer**: **Defendant denies the allegations for the reason that they are untrue.**

38.     Defendant has violated the FDCPA, 15 U.S.C. § 1692f by using unfair or unconscionable means to collect or attempt to collect any debt. Please see Paragraphs 17, 19, 20, 21, 22, 23, 24, 25, 26, 27, 30, 31, and 32.

**Answer**: **Defendant denies the allegations for the reason that they are untrue.**

39.     Defendant has violated the FDCPA, 15 U.S.C. § 1692e(11) by failing to disclose in subsequent communications that the communication is from a debt collector. Please see Paragraph 28.

**Answer**: **Defendant denies the allegations for the reason that they are untrue.**

40.     Defendant has violated the FDCPA, 15 U.S.C. § 1692d(2) by using language the natural consequences of which is to abuse the hearer. Please see Paragraphs 23, 24, 25, 26, and 27.

**Answer**: **Defendant denies the allegations for the reason that they are untrue.**

41.     Defendant has violated the FDCPA, 15 U.S.C. § 1692d(6) by placing telephone calls without meaningful disclosure of the caller's identity. Please see Paragraphs 28, 29 and 30.

**Answer**: **Defendant denies the allegations for the reason that they are untrue.**

42.     Defendant has violated the FDCPA, 15 U.S.C. § 1692b by communicating with any person other than the consumer for purposes other than acquiring location information. Please see Paragraphs 31 and 32.

**Answer**: **Defendant denies the allegations for the reason that they are untrue.**

LAW OFFICES
**DOBBS & NEIDLE, P.C.**
30150 TELEGRAPH ROAD STE. 410 • BINGHAM FARMS, MICHIGAN 48025 • 248-723-9520

43.     Defendant has violated the FDCPA, 15 U.S.C. § 1692b(1) by communicating with any person other than the consumer and not identifying himself and not stating that he is confirming or correcting location information concerning the consumer.   Please see Paragraphs 31 and 32.

**Answer**:  **Defendant denies the allegations for the reason that they are untrue.**

44.     Defendant has violated the FDCPA, 15 U.S.C. § 1692b(2) by communicating with any person other than the consumer and stating that such consumer owes a debt. Please see Paragraphs 31 and 32.

**Answer**:  **Defendant denies the allegations for the reason that they are untrue.**

45.     Defendant has violated the FDCPA, 15 U.S.C. § 1692b(3) by communicating with any person other than the consumer more than once.  Please see Paragraphs 31 and 32.

**Answer**:  **Defendant denies the allegations for the reason that they are untrue.**

46.     Defendant has violated the FDCPA, 15 U.S.C. § 1692c(b) by communicating with any person other than the consumer in connection with the collection of any debt. Please see Paragraphs 31 and 32.

**Answer**:  **Defendant denies the allegations for the reason that they are untrue.**

47.     Defendant has violated the FDCPA, 15 U.S.C. § 1692c(a)(1) by communicating with the consumer at any unusual time or place known or which should be known to be inconvenient to the consumer, including calling the consumer before 8:00 a.m. and after 9 p.m.  Please see Paragraphs 21 and 22.

**Answer**:  **Defendant denies the allegations for the reason that they are untrue.**

48.     As a result of Defendant's wrongful conduct, Plaintiff has suffered statutory, actual, emotional and financial damages and also seeks his attorney fees and costs under the FDCPA.

**Answer**: **Defendant denies the allegations for the reason that they are untrue.**

LAW OFFICES
**DOBBS & NEIDLE, P.C.**
30150 TELEGRAPH ROAD STE. 410 • BINGHAM FARMS, MICHIGAN 48025 • 248-723-9520

49.     Plaintiff seeks judgment against the Defendant in whatever amount that Plaintiff is entitled less than $25,000, consequential damages and the costs and expenses of this action.

**Answer**:  **The allegations state Plaintiffs' request for relief and not averments of fact for which no response is required.  Insofar as an answer is required, Defendant denies the allegations for the reason that they are untrue.**

### CLAIM AGAINST THE DEFENDANT UNDER THE MCPA <br> AND THE MICHIGAN OCCUPATIONAL CODE

50.     Defendant has violated MCLA 445.252 (a) with the use of false representations and deceptive means in its contact of Plaintiff. Please see Paragraphs 24, 25, 28, 29, and 30.

**Answer**:  **Defendant denies the allegations for the reason that they are untrue.**

51.     Defendant has violated MCLA 445.252(n) by using a harassing, oppressive or abusive method to collect on a debt.  Please see Paragraphs 17, 19, 20, 21, 22, 23, 24, 25, 26, 27, 30, 31, and 32.

**Answer**:  **Defendant denies the allegations for the reason that they are untrue.**

52.     Defendant has violated MCLA 445.252(q) by failing to implement a procedure designed to prevent a violation by an employee.  Please see Paragraphs 17-32.

**Answer**:  **Defendant denies the allegations for the reason that they are untrue.**

53.     Defendant has violated MCLA 445.252(e) by making an inaccurate, misleading, untrue or deceptive statement or claim in a communication to collect a debt.  Please see Paragraphs 24 and 25.

**Answer**:  **Defendant denies the allegations for the reason that they are untrue.**

54.     Defendant has violated MCLA 445.252(f)(ii) by misrepresenting the legal rights of the debtor. Please see Paragraphs 17-32.

**Answer**:  **Defendant denies the allegations for the reason that they are untrue.**

55.     Defendant has violated MCLA 445.252(g) by communicating with a debtor without accurately disclosing the caller's identity. Please see Paragraphs 28, 29, and 30.

**Answer**:  **Defendant denies the allegations for the reason that they are untrue.**

56.     Defendant's foregoing acts in attempting to collect this alleged debt against the Plaintiff constitute violations of the Occupational Code, M.C.L. § 339.915 including but not limited to the following:

    a.  (n) Using a harassing, oppressive or abusive method to collect a debt.

    b.  (q) By failing to implement a procedure designed to prevent a violation by an employee.

    c.  (a) By communicating with a debtor in a misleading or deceptive manner.

    d.  (e)   By making an inaccurate, misleading, untrue or deceptive statement or claim in a communication to collect a debt.

    e.  (f)(ii) By misrepresenting the legal rights of the debtor.

    f.  (g) By communicating with a debtor without accurately disclosing the caller's identity.

**Answer**:  **Defendant denies the allegations, and each of its subparts (a) through (f), for the reason that they are untrue.**

57.     As a result of Defendant's wrongful conduct, Plaintiff has suffered statutory, actual, emotional and financial damages and also seeks his attorney fees and costs under the MCPA and the Michigan Occupational Code.

**Answer**:  **Defendant denies the allegations for the reason that they are untrue.**

58.     Under MCLA 445.257 *et seq.*, Plaintiff is eligible for equitable relief, triple damages and his attorney fees and costs and further statutory damages under the act.

**Answer**:  **Defendant denies the allegations for the reason that they are untrue.**

LAW OFFICES
**DOBBS & NEIDLE, P.C.**
30150 TELEGRAPH ROAD  STE. 410 • BINGHAM FARMS, MICHIGAN 48025 • 248-723-9520

59.      As a result of the actions of Defendant, Plaintiff hired the undersigned counsel. Counsel has been an attorney in good standing for almost 13 years and has handled thousands of consumer cases, personally.  Counsel is known in his field of a consumer advocate and a competent, experienced consumer trial attorney.  As a result, counsel's time is billed at the reasonable rate of $350.00 an hour.

**Answer**:  **Defendant denies that a reasonable rate is $350.00 an hour.  As to the remaining allegations, Defendant neither admits nor denies and leaves Plaintiffs to their strictest proofs.**

60.      Plaintiff seeks judgment against the Defendant in whatever amount that Plaintiff is entitled less than $25,000, consequential damages and the costs and expenses of this action.

**Answer**:  **The allegations state Plaintiffs' request for relief and not averments of fact for which no response is required.  Insofar as an answer is required, Defendant denies the allegations for the reason that they are untrue.**

## VII.  PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that the Court grants the following relief against the Defendant:

1.      For compensatory damages;

2.      For statutory and emotional damages;

3.      For attorneys' fees and costs incurred in this action;

4.      For Triple Damages under the MCPA, and

5.      For such other and further relief as the Court may deem just and proper.

**Answer**: **Plaintiffs' prayer for relief contains no averments of fact for which a response is required.  Insofar as an answer is required, Defendant denies each and**

**every allegation in the "Wherefore" paragraph for the reason that they are untrue and**

**Plaintiffs are entitled to no relief whatsoever.**

<u>**JURY TRIAL DEMAND**</u>

Plaintiff demands a Trial by Jury on all issues.

<u>**Answer**</u>:  **Defendant relies upon Plaintiffs' demand for a jury trial.**

WHEREFORE, Defendant respectfully requests that this Honorable Court enter an Order dismissing Plaintiffs' Complaint in its entirety, with prejudice and without costs and attorneys' fees, and awarding Defendant its costs and attorney fees incurred in defending this matter so wrongfully brought, and any other relief this Court deems just and proper.

Respectfully submitted,

Dated: December 22, 2009

/s/ Daniel J. Ammon
DOBBS & NEIDLE, PC
Attorney for Defendant
30150 Telegraph Road, Suite 410
Bingham Farms, MI 48025
Phone:  (248) 723-9511
Email:  dammon@dobbsneidle.com
MI Bar Number P50923

<u>**DEFENDANT'S AFFIRMATIVE AND OTHER DEFENSES TO PLAINTIFFS' COMPLAINT AND DEMAND FOR JURY AND RESERVATION OF DEFENSES**</u>

NOW COMES Defendant, VIKING COLLECTION SERVICE, INC., by its attorneys, Dobbs & Neidle, P.C., and for its Affirmative and Other Defenses to Plaintiffs' Complaint and Demand for Jury ("Complaint") and Reservation of Defenses states as follows:

1. Plaintiffs have failed to state a claim upon which relief can be granted.

2. Plaintiffs have failed to state a claim under any federal or state statute.

3. Defendant hereby asserts any and all affirmative defenses available to it under the FDCPA.

LAW OFFICES
DOBBS & NEIDLE, P.C.
30150 TELEGRAPH ROAD  STE. 410 • BINGHAM FARMS, MICHIGAN 48025 • 248-723-9520

4.   Any act or omission of Defendant, which is found to be in violation of any law, was the result of a bona fide error, notwithstanding the maintenance of procedures reasonably adapted to avoid such errors.

5.   Plaintiffs were not a "consumer" as defined by the Fair Debt Collection Practices Act, Michigan Collections Practices Act or Michigan Occupational Code. Defendant reserves the right to conduct discovery on this affirmative defense.

6.   Defendant did not attempt to collect a "debt" as defined by the Fair Debt Collection Practices Act, Michigan Collections Practices Act or Michigan Occupational Code. Defendant reserves the right to conduct discovery on this affirmative defense.

7.   The Plaintiffs' Complaint fails to raise a justiciable issue of law or fact as to this Defendant.

8.   Plaintiffs' claims are barred by the applicable statute of limitations.

9.   Plaintiffs have suffered no damages as a result of any acts or omissions of Defendant.

10.  Plaintiffs' failed to mitigate any damages which they may have suffered, if any.

11.  Defendant did not willfully or negligently violate any provision of the Fair Debt Collection Practices Act, Michigan Collections Practices Act or Michigan Occupational Code.

12.  Plaintiffs' state law claims are preempted by federal law.

13.  Plaintiffs' claims are barred by the doctrine of unclean hands.

14.  Plaintiffs' claims are barred by the doctrines of laches, waiver and/or estoppel.

15.  Plaintiffs' damages, if any, are the result of acts or omissions committed by non-parties to this action over which Defendant has no responsibility or control. Defendant reserves the right to conduct discovery on this affirmative defense.

16.  Plaintiffs are not entitled to punitive damages as a matter of law.

LAW OFFICES
DOBBS & NEIDLE, P.C.
30150 TELEGRAPH ROAD, STE. 410 • BINGHAM FARMS, MICHIGAN 48025 • 248-723-9520

17.     Plaintiffs are not entitled to treble or triple damages as a matter of law.

18.     Some or all of Plaintiffs' alleged communications with Defendant are not communications as defined under the FDCPA, 15 USC §1692a(2).

19.     Pursuant to 15 U.S.C. § 1692k(a)(2)(A), Plaintiffs' recovery, if any, is limited the maximum amount of $1,000.00 in statutory damages.

20.     Defendant is not a regulated person as defined under the Michigan Collections Practices Act, MCL § 445.251 *et seq.*

21.     Defendant further asserts, pleads and incorporates by reference, the affirmative defenses set forth in FRCP 8(c) and 12(b).

22.     Defendant reserves the right to seek its reasonable attorneys' fees and costs pursuant to the 15 U.S.C. § 1692k(a)(3) if the Court deems Plaintiffs' action were brought in bad faith and for the purpose of harassing Defendant.

23.     Defendant specifically reserves the right to add further affirmative defenses as they become known through investigation and discovery.

WHEREFORE, Defendant respectfully requests that this Honorable Court enter an Order dismissing Plaintiffs' Complaint in its entirety, with prejudice and without costs and attorneys' fees, and awarding Defendant its costs and attorney fees incurred in defending this matter so wrongfully brought, and any other relief this Court deems just and proper.

Respectfully submitted,

Dated: December 22, 2009

/s/ Daniel J. Ammon_____
DOBBS & NEIDLE, PC
Attorney for Defendant
30150 Telegraph Road, Suite 410
Bingham Farms, MI 48025
Phone:  (248) 723-9511
Email:  dammon@dobbsneidle.com
MI Bar Number P50923

LAW OFFICES
**DOBBS & NEIDLE, P.C.**
30150 TELEGRAPH ROAD, STE. 410 • BINGHAM FARMS, MICHIGAN 48025 • 248-723-9520

**CERTIFICATE OF SERVICE**

I hereby certify that on December 22, 2009, I electronically filed a copy of Defendant's Answer to Plaintiffs' Complaint, Defendant's Affirmative and Other Defenses and Reservation of Defenses and this Certificate of Service with the Clerk of the Court using the ECF system which will send notification of such filing to the following:

**BRIAN P. PARKER, ESQ.**

and I hereby certify that I have mailed by United States Postal Service the paper to the following non ECF participants:

**N/A**

Respectfully submitted,

Dated: December 22, 2009

/s/ Daniel J. Ammon_____
DOBBS & NEIDLE, PC
30150 Telegraph Road, Suite 410
Bingham Farms, MI 48025
Phone:  (248) 723-9511
Email:  dammon@dobbsneidle.com
MI Bar Number P50923